IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LARRY FRANKLIN SYLVA, Defendant. | Case No. 15-cr-00459-DKW-2 **ORDER DENYING DEFENDANT'S MOTION TO ADJUST SENTENCE** |

On May 10, 2024, Defendant Larry Sylva, proceeding *pro se*, moved for an adjustment in his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. Dkt. No. 293. Amendment 821, effective as of November 2023, provides that a defendant's sentence may be reduced if he received at sentencing zero criminal history points from Chapter Four, Part A and/or if he received any "status points" from committing the instant offense while under an existing criminal justice sentence. Here, review of Sylva's Presentence Investigation Report ("PSR"), which the Court adopted without change at sentencing, reveals that he received six criminal history points under Chapter Four, Part A—none of which were "status points." Accordingly, Amendment 821 is inapplicable to Sylva's sentence. His motion, Dkt. No. 293, is therefore DENIED.

## DISCUSSION[1]

Sylva "seeks a sentence adjustment for 'status point' offenders pursuant to USSG §4C1.1 under the 821 Amendment." Dkt. No. 293 at 1. Liberally construed, Sylva therefore appears to bring a motion pursuant to Title 18 of the United States Code, Section 3582(c)(2), which permits the Court to reduce a term of imprisonment if, *inter alia*, it is based on a sentencing range that is subsequently lowered by an amendment to the United States Sentencing Guidelines.[2]

Amendment 821, which became effective on November 1, 2023, implemented two changes to the Sentencing Guidelines. First, Part A of Amendment 821 modified Section 4A1.1 of the Guidelines to limit "status points"—that is, points added to a defendant's criminal history score if he "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. amend, 821, pt. A; U.S.S.G. § 4A1.1(e) (2023). As amended, Section 4A1.1(e) now restricts status points to one point for defendants with seven or more criminal history points, and eliminates them altogether for defendants with

---

[1] As Sylva is *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Prior to reducing a sentence under Section 3582(c)(2), the Court must consider any applicable policy statements issued by the Sentencing Commission and the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2). Here, as the Court does not find Amendment 821 to be applicable to Sylva, it is unnecessary to address whether any reduction would be consistent with the same.

six or fewer criminal history points.[3]  *See id.*  Second, Part B of Amendment 821 inserted a new section—Section 4C1.1—to the Sentencing Guidelines.  U.S.S.G. amend. 821, pt. B.  Section 4C1.1 now provides for a two-level downward adjustment in the offense level of "certain zero-point offenders" meeting a list of ten criteria, including, *inter alia*, that "the defendant did not receive any criminal history points from Chapter Four, Part A," "did not receive an adjustment under § 3B1.1 (Aggravating Role)[,] and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848."  *Id.*; U.S.S.G. § 4C1.1(a) (2023).

Here, it is unclear precisely under which part of Amendment 821 Sylva brings his motion.  *See* Dkt. No. 293 at 3 (requesting a sentence adjustment under U.S.S.G. § 4C1.1 and Amendment 821, Part A).  Neither one, however, would provide Sylva with the relief he seeks.

First, review of Sylva's PSR reveals that he did not receive *any* status points for committing the instant offense while under an existing criminal justice sentence.[4]  *See* Dkt. No. 152 at ¶¶ 65–76.  Rather, his criminal history score of six

---

[3]Sylva interchangeably asserts that he is entitled to relief under Section 4A1.1(d) and Section 4A1.1(e).  *See* Dkt. No. 293 at 3 ("given that Movant qualifies for the adjustment under §4A1.1(e)"); *id.* ("it is clear that Movant qualifies under §4A1.1(d)").  Such discrepancy appears to stem from Amendment 821's renumbering of Section 4A1.1.  *See id.* at 1 ("The Amendment redesignates current subsection (d) of §4A1.1, which addresses 'status points', as subsection (e) and redesignates current subsection (e), which addresses multiple crimes of violence treated as a single sentence.").  Accordingly, as Sylva seeks relief based on "status points," the Court treats his motion as brought pursuant to the as-amended Section 4A1.1(e).

[4]The Court adopted the PSR without change at sentencing.  Dkt. No. 169 at 1.

was based entirely on his prior state convictions for robbery, kidnapping, ownership/possession of a prohibited firearm, possession or use of a firearm in the commission of a felony/place to keep firearms, and theft.[5] *Id.* at ¶¶ 74–76. Accordingly, the change to Section 4A1.1 reflected in Amendment 821, Part A is inapplicable to Sylva, and he is not entitled to a reduction in his sentence on status point grounds.

Similarly, Sylva is also ineligible for a sentence reduction under Amendment 821, Part B and Section 4C1.1.[6] As an initial matter, Sylva's criminal history score automatically precludes him from qualifying as a "zero-point offender." *See* U.S.S.G. § 4C1.1(a)(1) (requiring defendant to have not "receive[d] any criminal history points from Chapter Four, Part A"); Dkt. No. 152 at ¶¶ 74–76 (calculating Sylva's criminal history score at six). Moreover, contrary to his assertions that he did not receive an enhancement "under §3B1.1 for having an aggrivating [sic] role," Dkt. No. 293 at 3, Sylva received a three-level aggravating role enhancement at sentencing which would also disqualify him from relief. *See* U.S.S.G. § 4C1.1(a)(10) (explaining that to qualify for the new zero-point offender

---

[5] Sylva states that he has "seven total criminal history points" that places him in the "criminal history category of VI." Dkt. No. 293 at 2. It is unclear, however, where such numbers come from given that his PSR identifies his criminal history score as six and his criminal history category as III. *See* Dkt. No. 152 at ¶ 76.

[6] Sylva specifically seeks a reduction based on Section "4C1.1(d)." *See* Dkt. No. 293 at 2. No such section of the Sentencing Guidelines exists. *See* U.S.S.G. § 4C1.1. Accordingly, the Court construes his motion as being brought pursuant to the operative part of Section 4C1.1. *See* U.S.S.G. § 4C1.1(a).

reduction, the defendant must not have received an adjustment under Section 3B1.1); Dkt. No. 152 at ¶ 57 (applying a Section 3B1.1(b) enhancement). Consequently, Amendment 821, Part B, is also inapplicable to Sylva and he is not entitled to a reduction in his sentence based on the addition of Section 4C1.1 to the Sentencing Guidelines.

In sum, Sylva is not eligible for a reduction in his sentence under either Part A or Part B of Amendment 821.

## CONCLUSION

For the reasons set forth herein, Sylva's Motion, Dkt. No. 293, is DENIED.[7]

IT IS SO ORDERED.

DATED: May 14, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Larry Franklin Sylva*; Crim No. 15-00459 DKW; **ORDER DENYING DEFENDANT'S MOTION TO ADJUST SENTENCE**

---

[7]The Court notes that this Order is entered without further briefing from the parties. However, as Amendment 821 is clearly inapplicable to Sylva's sentence, neither the Government's response nor Sylva's reply are necessary to the Court's adjudication of the motion.